HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

C.S. and D.S.,

                Plaintiffs,

v.

DEPARTMENT OF SOCIAL AND
HEALTH SERVICES (DSHS), JOHN DOE
SUPERVISOR, JOHN DOE DIRECTOR,
AND SUNRISE COMMUNITY FACILITY,

                Defendants.

Case No. C08-5699RBL

ORDER GRANTING MOTION TO
DISMISS §1983 CLAIMS

This matter is before the court on Defendants' Motion to Dismiss Plaintiffs' 42 U.S.C. §1983 claims against DSHS, Sunrise Community Facility, John Doe, Supervisor, and John Doe, Director, acting in their official capacities.

Plaintiffs are a juvenile, C.S., and his father, D.S. Defendant Sunrise was formerly a state and federally funded facility owned and/or operated by the Juvenile Rehabilitation Administration within DSHS. C.S. was incarcerated at Sunrise as a minor. Plaintiffs allege that C.S. was sexually assaulted by a Sunrise employee while he was there. He asserts 42 U.S.C. §1983 claims against DSHS, Sunrise Community Facility, John Doe, Supervisor, and John Doe, Director, for violations of his rights under the

Fourth and Fourteenth Amendments. Plaintiffs also assert claims under Title IX, and various state law claims, which are not the subject of Defendants' Motion.

Defendants DSHS, Sunrise, John Doe, Supervisor, John Doe, Director, acting in their official capacity, seek dismissal of the Plaintiffs' §1983 claims. They argue that these state defendants have not waived their Eleventh Amendment Immunity and Plaintiffs cannot maintain this action against them:

> Despite the limited terms of the Eleventh Amendment, federal courts cannot entertain an action brought by a citizen against his or her own state. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature. *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991). This jurisdictional bar applies to state officials acting in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

[*See* Defendants' Motion at 3; Dkt. # 36].

Plaintiffs oppose[1] the motion, and claim that they are suing the Doe Defendants in their "individual capacitates" (not their "official" capacities). They also argue that it is unclear that Sunrise is effectively the state for purposes of Eleventh Amendment Immunity. Plaintiff argues that Sunrise's status must be resolved by reference to the following three part test: (1) Whether the money that would pay the judgment would come from the state; (2) The status of the agency under state law (i.e., is it incorporated, how does the law treat it, is it immune from taxation); and (3) What degree of autonomy does the agency have. *Fitchik v. New Jersey Transit Rail Operations Inc.*, 873 F.2d at 659. The Plaintiffs are not opposed to voluntarily dismissing their claim against Sunrise Community Home under 42 U.S.C. §1983 if Sunrise is truly a state actor subject to 11th Amendment Immunity. [*See* Response, Dkt. #46.]

As to the first point, there does not appear to be an actual dispute. The DOE Defendants' Motion [Dkt. #36] is therefore GRANTED and the Plaintiffs' §1983 Claims against the Doe Defendants *in their*

---

[1] Plaintiffs' do not respond directly to defendant DSHS' Motion, though it is clear that that state agency has 11th Amendment Immunity. For that reason, DSHS' Motion [Dkt.# 36] is GRANTED and Plaintiffs' 1983 claims against it are DISMISSED.

ORDER
Page - 2

*official capacities* are DISMISSED. Claims against these Defendants in their individual capacities remain.

As to the second, Defendants point out that the Plaintiffs' own allegations lead to no conclusion but that Sunrise was owned and operated by the State, and was at all relevant times a "state institution or facility used for juvenile rehabilitation." *See* Dkt. # 47-2. Plaintiffs have not established (and cannot establish) that Sunrise was anything other than an agency of the state of Washington. Sunrise's Motion [Dkt. # 36] is therefore GRANTED and Plaintiffs' §1983 claims against Sunrise are DISMISSED.

IT IS SO ORDERED.

Dated this 28th day of October, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE